### TITLE TO VACATED STREETS.

Common Pleas Court of Hamilton County.

McLean et al v. City of Cincinnati.

Decided, May, 1908.

*Streets—Title·to, after Vacation—Language of Dedication—Municipal Corporations—Section 2601—Ejectment—Subdivisions.*

Where abutting lot owners convey their interest in the property on both sides of a street to the municipality and the street is thereafter vacated, the municipality takes a fee simple title in the street as against the claims of those who laid out the subdivision and dedicated the streets "to the public forever, to be used as public highways, and for no other purpose."

*E. R. Donohue,* for plaintiffs.
*City Solicitor,* contra.

WOODMANSEE, J.

This is a suit in ejectment brought by the heirs of William Burnet, Eden B. Reeder, Nat C. McLean and John Shillito to recover possession of certain real estate that constitutes a part of that section of the city upon which the new city hospital is being constructed. Plaintiffs waive their right to a trial by jury, and the case was submitted to this court upon an agreed statement of facts.

It is disclosed that the parties mentioned above, on May 8, 1850, laid out the Burnet & Reeder subdivision, and dedicated certain streets and alleys to the public, and that the same have been vacated, because of which the plaintiffs claim title and right to possession.

Said dedication reads as follows:

"Know all men by these presents: That William Burnet, Eden B. Reeder, Nat C. McLean and John Shillito, of the county of Hamilton in the state of Ohio, do make, constitute and declare this to be their plat of subdivision under the name of Burnet & Reeder subdivision, and the streets, avenues and alleys as laid down on said plat they do hereby dedicate to the public forever, to be used as public highways, and for no other purpose."

It is admitted that the plaintiffs herein have no interest in the fee simple title to the lots adjoining the streets so vacated. The sole question is as to who took title to said streets and alleys in question upon the vacation of the same by the city.

It is the finding of this court that the plaintiffs have no right, title or interest in said streets and alleys. The law is that upon the vacation of a street by a municipality, title of the same up to the center line thereof vests in the owner of the adjoining lots, so that when the owners conveyed all their right, title and interest in the adjoining lots to the city of Cincinnati, it vested in said city the fee simple title of said streets and alleys.

It is urged that the words of dedication in this case change this established rule. The dedication contains these words: "To be used as public highways, and for no other purpose." Counsel for plaintiffs insist that the words "for no other purpose" change the usual form of a dedication, but in the opinion of this court the words "for no other purpose" do not in any way affect the dedication, because in any event it was for street purposes only. An abundance of words might have been used specifying what the dedication did not include, but when it set forth that it was to be used as public highways only, it would be just as effective as though it included the reservation of all things for which the dedication was not intended. In other words, the dedication in this instance was simply an emphatic expression that the streets and alleys were intended to be used as public highways only.

Counsel for plaintiffs has relied with some confidence upon what is known as the Van Wert case, reported in 18 O. S., page 221. In that case the dedication was for school purposes, and

the court held that when the municipality ceased to hold the property for such purposes it could not sell the property and convey a fee simple title and apply the proceeds of purchase to other real estate for school purposes.

In the case of *Callen* v. *Electric Light Co.*, 66 O. S., page 166, Judge Spear, speaking for the entire court, said:

"The statutory provision respecting the effect of such dedication is found in Section 2601 of the Revised Statutes. It is as follows:

" 'And thereupon, the map or plat so recorded shall be deemed a sufficient conveyance to vest in the municipality the fee of the parcel, or parcels, of land designated, or intended for streets, alleys, ways, commons or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated or intended.'

"It seems plain that the effect of the provision is not to vest in the municipality a fee simple absolute in the streets, but only a determinable or qualified fee, and that what is granted to the city is to be held in trust for the uses intended, viz., for street uses, and street uses only. Such title would be adequate to clothe the municipality with power to fully perform its statutory duty towards such streets, viz., to keep the same open, in repair and free from nuisance, and for all incidental street purposes. The limitation upon the title necessarily implies that there is a substantial interest not conveyed. Naturally it would be presumed that the right of reverter would remain either in the original proprietor, or would pass to and vest in the owners of the abutting lots. That, as between these two classes, the interest is in the owner of the abutting lots, was held by this court in *Stephens* v. *Taylor, Exr.*, 51 O. S., 593, where a street had been vacated by the city, and the question presented was whether the fee reverted to the heirs of the original owner who dedicated the street, or to the owners at the time of the vacation of the lands abutting. No report of the case was made by this court, but it will be found fully reported by the circuit court in 6 C. C. R., page 142. The same principle is announced in 65 O. S., 264.' "

The judgment of the court in this case will be in favor of the defendant, the city of Cincinnati, and plaintiffs' petition will be dismissed.